IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



LAUREN KATZ,

    Plaintiff,

v.                                  Case No. 2:11cv686

THE AUTO CONNECTION, INC.,

    Defendant.

## PROPOSED ORDER ON FINAL PRETRIAL CONFERENCE

Pursuant to the Supplemental Rule 16(b) Scheduling Order, the parties present the following Proposed Order on Final Pretrial Conference:

### I. Stipulated Facts

The parties agree to a stipulation with certain undisputed facts as follows:

    A.    Ms. Katz is not making a claim for compensatory damages.

    B.    Ms. Katz and Michael Hughes, her direct supervisor at TAC, had a consensual sexual relationship from May, 2008, through December, 2008.

    C.    Ms. Katz filed an EEOC Charge against the Defendant on September 24, 2010. *The parties agree that all jurisdictional requirements were met and this case is properly before the Court.*

    D.    Ms. Katz's employment with The Auto Connection, Inc. was terminated on December 30, 2010.

1

E. Ms. Katz may claim lost wages in the amount of $43,317.12, calculated as follows:

| Annual salary at TAC | 44,000.00 |
|---|---|
| Annual health insurance paid by TAC $314.02 x 12 = 3768.24 | 3,768.24 |
| Total annual compensation | 47,768.24 |
| | |
| Lost wages 2011 | 47,768.24 |
| Lost wages 2012 (6 weekly payrolls x 846.16 = 5,076.96) (19 bi-weekly payrolls x 1,692.31 = 32,153.89) (health insurance for 11 months x 260.00 = 2,860.00) | 40,090.85 |
| Reduced by: | |
| TAC severance package paid in 2011 | 4,970.34 |
| Unemployment compensation 2011 | 17,010.00 |
| Unemployment 2012 | 650.00 |
| Sam I. White P.C. salary 2012 | 21,911.63 |
| | |
| Total claim for lost wages | 43,317.12 |

## II. Exhibits

A. Joint Exhibits

| 1. | TACKATZ003-4 | Plaintiff's 7-28-10 Letter to Angela Higgerson | |
|---|---|---|---|
| 2. | Katz60-61 | 8-9-10 Letter from Angela Higgerson to the Plaintiff | |
| 3. | Katz62-63 | 12-30-10 Termination Letter from TAC to Plaintiff | |
| 4. | Katz33-41 | Emails between Plaintiff and Angela Higgerson | |
| 5. | Katz11-12 | Emails between Plaintiff and Mary Leigh Brewer | |
| 6. | Katz59, 65-66, 203-210 | Emails between Plaintiff and Wayne Clifton | |
| 7. | Katz13-14 | Email from Mary Leigh Brewer re: Angela Higgerson | |
| 8. | KATZ 361-62 | Resume of LaurenKatz | |

B. Plaintiff's Exhibits

2

Plaintiff desires to introduce into evidence the following exhibits.

Defendant's objections (if any) are noted.

| NO. | BATE NO. | EXHIBIT DESCRIPTION | OBJECTIONS | |
|---|---|---|---|---|
| 1. | TACKATZ0023-34 | Plaintiff's TAC Personnel File | | |
| 2. | Katz1-10, 17, 34, 228-232, 251-268, 273-279, 282-303 | Text messages and emails between Michael Hughes and the Plaintiff | Relevance; hearsay. FRE 402, 403, 802. | Motion in limine pending |
| 3. | Katz43-56 | Emails between Plaintiff and Carol Norris | | |
| 4. | TACKATZ0051, 54-55, 62 | Reports of Carol Norris to TAC | | |
| 5. | Katz15 | Email from Barry Sifen to Michael Hughes dated 9-24-08 | Relevance; hearsay, duplicative. FRE 402, 403, 802. | Reserve |
| 6. | Katz235-236 | Photographs of Plaintiff and Michael Hughes | Relevance; duplicative | Objection sustain |
| 7. | TACKATZ0014-21 | "TAC's Internal Investigation" | | |

Plaintiff may introduce into evidence the following exhibits. Defendant's objections (if any) are noted.

| NO. | BATE NO. | EXHIBIT DESCRIPTION | OBJECTIONS | |
|---|---|---|---|---|
| 8. | | Letter from EEOC dated November 2, 2010 confirming EEOC Mediation Conference | Relevance; hearsay. FRE 402, 403, 802. Cox v. Babcock & Wilcox. | Objection sustained |
| 9. | Katz212-226 | Emails between TAC employees and Plaintiff | Relevance, hearsay, lack of foundation. FRE 402, 403, 802, 901. | 9/10/12/13 are presented in motion in limine Reserved |
| 10. | Katz245-248 | Emails between Mini-Price Storage employees and Plaintiff | Relevance, hearsay, lack of foundation. FRE 402, 403, 802, 901. | |
| 11. | Katz64 | Email from Shaun House | | |
| 12. | Katz269-273 | Emails between Plaintiff and Phil Scalione | Relevance, hearsay, lack of foundation. FRE 402, 403, 802, 901. | |
| 13. | Katz280-281 | Emails between Nicole Butler and the Plaintiff | Relevance, hearsay, lack of foundation. | |

3

| | | | FRE 402, 403, 802, 901. | |
|---|---|---|---|---|
| 13 cont | | | | |
| 14. | Katz304-310 | Emails between Plaintiff and Leyna Higgins | Relevance, hearsay, lack of foundation. FRE 402, 403, 802, 901. | objection sustained not relevant |
| 15 | TACKATZ263-272, 00284-296 | Procedures written by Carol Norris and the Plaintiff | Mischaracterization | Reserved |

C. Defendant's Exhibits

Defendant desires to introduce into evidence the following exhibits. Plaintiff's objections (if any) are noted.

| NO. | BATE NO. | EXHIBIT DESCRIPTION | OBJECTIONS | |
|---|---|---|---|---|
| 1. | | Plaintiff's Answers to Admissions | Object to Nos. 1, 9, 14, 15, 24, 33, 34, 38, 39 and 55 as irrelevant | Reserved not admitted as exhibit read to jury |
| 2. | TACKATZ002 | April 11, 2006 email to Wayne Clifton from Lauren Katz | Irrelevant, misleading | Reserved |
| 3. | TACKATZ00302 | Electronic Mail Messages between Krista Janik and Wayne Clifton | Irrelevant and hearsay. | Reserved |
| 4. | KATZ233 | Tickets to the Mirage and Cirque du Soleil Shows | | |
| 5. | KATZ234-236 | Cirque du Soleil program and photographs of the Plaintiff and Michael Hughes | | |
| 6. | KATZ237 | Plaintiff's Memento from Las Vegas | | |
| 7. | KATZ238 | Flower given to Plaintiff by Michael Hughes which Plaintiff saved | | |
| 8. | KATZ239-241 | Books given to Katz by Michael Hughes | | |
| 9. | KATZ242 | IPOD Instruction Manual given to Plaintiff by Michael Hughes | | |
| 10. | Katz Depo Exhibit Number 16 | Sex Toy given to Michael Hughes by Plaintiff | Irrelevant and unfairly prejudicial. | Reserved |
| 11. | KATZ243 | Memento kept by Plaintiff regarding dinner with Michael Hughes | | |

4

| NO. | BATE NO. | EXHIBIT DESCRIPTION | OBJECTIONS | |
|---|---|---|---|---|
| 12. | TACKATZ0023-34 | Personnel File of Lauren Katz | | |
| 13. | TACKATZ0038-301 | Documents Re: Carol Norris's Consulting with TAC | | |
| 14. | TACKATZ0013 | Michael Hughes's Discipline Form | | |
| 15. | TACKATZ0014-0021; 0003-0004; 0013; 005-006; 00315-00316; 00317; 00308; 00311-00321; 00313; 00314; 00321-00322; 00232-00352; 0038-55 and 73-93 | Internal Investigative Report and Exhibits | Hearsay, relevance (00317, 00311-312, 00313, 00314, 00321-322) | Reserved |
| 16. | TACKATZ008 | 1029-12 Letter from Shaun House to Angela Higgerson | hearsay | Reserved |
| 17. | TACKATZ001 | 4-10-06 Resignation Letter from Lauren Katz to TAC | | |
| 18. | TACKATZ1021 | TAC Restructure Chart | | |
| 19. | TACKATZ009-0010 | 12-30-10 Termination Letter from TAC to Lauren Katz | | |
| 20. | TACKATZ0011-0013; 0035-0037 | Personnel File of Michael Hughes | | |
| 21. | TACKATZ0022 | Michael Hughes's statement | hearsay | Reserved |
| 22. | TACKATZ00323-354 | TAC Handbook | | |
| 23. | TACKATZ00304-305; 00308-310; 00991-1061 | Electronic mail messages and cellular text messages between Plaintiff and Wayne Clifton | | |
| 24. | TACKATZ00297-298 | 6-21-10 Letter from Carol Norris to TAC | | |
| 25. | | Conversations recorded by Ms. Katz secretively between Katz and Hughes | relevance | Reserved |

Defendant may introduce into evidence the following exhibits. Defendant may introduce the following portions of depositions into evidence. Plaintiff's objections (if any) are noted.

| NO. | BATE NO. | EXHIBIT DESCRIPTION | OBJECTIONS | |
|---|---|---|---|---|
| 26. | | Defense counsel time and billing | | Reserved for completion of Trial |

5

| | | records | |
|---|---|---|---|
| 27. | | **Deposition of Lauren Katz** <br> 7:20 <br> 8:1 <br> 9:4-14 <br> 9:3-4 <br> 10:20 <br> 135:6-15 <br> 136:1-18 <br> 144:20-24 <br> 59:6 <br> 71:21-25 <br> 72:5-6 <br> 154:19-24 <br> 155:1-3 <br> 163:1-6 <br> 164:10-22 <br> 265:16-18 <br> 265:20 <br> 173:9-15 <br> 265:24-25 | Objects to the use of the Deposition except as may be allowed under FRCP 32; |
| 28. | | **Deposition of Carol Norris** <br> 42:9-11 <br> 38:3 <br> 8:21-24 <br> 9:20-23 <br> 42:22-25 <br> 43:1-5 <br> 60:10-13 <br> 40:12-15 <br> 41:11-14 <br> 42:6-8 <br> 42:22-25 <br> 43:1-13 <br> 25:8-10 <br> 25:5-6 <br> 27:8-20 <br> 47:11-23 | Plaintiff objects to the use of the deposition transcripts except as may be allowed under FRCP 32. |

*Katz is a party, see Rule 32(a)(3) may be used for any purpose*

*Parties will comply w/ Local Civil Rule 30(F) and contact Court if a deposition designation hearing is needed.*

D. The parties agree that discovery responses, depositions, affidavits and pleadings may be introduced only for impeachment or otherwise as may be permitted under the rules.

6

## III. Witnesses

Plaintiff will or may call the following individuals as witnesses for the purposes noted. Defendant's objections (if any) to these witnesses are noted.

A. Lauren Katz—no objection except to the extent her testimony is irrelevant, inadmissible hearsay, not based on her personal knowledge or contradicting her sworn deposition testimony, answers to interrogatories, and answers to requests for admissions. FRE 402, 403, 602 & 801.

B. Melinda Katz—no objection except to the extent Ms. Katz's testimony is irrelevant, inadmissible hearsay, and not based on her personal knowledge. FRE 402, 403, 602, & 801.

C. Kristen Rowland— no objection except to the extent Ms. Katz's testimony is irrelevant, inadmissible hearsay, and not based on her personal knowledge. FRE 402, 403, 602, & 801.

D. Arnell Johnson— no objection except to the extent Ms. Katz's testimony is irrelevant, inadmissible hearsay, and not based on his personal knowledge. FRE 402, 403, 602, & 801.

E. Jonathan Keyes— no objection except to the extent Ms. Katz's testimony is irrelevant, inadmissible hearsay, and not based on his personal knowledge. FRE 402, 403, 602, & 801.

[handwritten: all objections are testimony related + Reserved for Trial judge]

Plaintiff will or may call the following individuals as witnesses for the purposes noted. Defendant's objections (if any) to these witnesses are noted.

F. Tijuan Ballen-Adams

G. Heather Wiley— no objection except to the extent Ms. Katz's testimony is irrelevant, inadmissible hearsay, and not based on her personal knowledge. FRE 402, 403, 602, & 801.

H. Jasmine Walton

I. Carol Norris

J. Wayne Clifton

K. Angela Higgerson

L. Michael Hughes

Plaintiff reserves the right to call or elicit testimony from the Defendant's witnesses, both factual and experts, whether by direct examination or otherwise. The Plaintiff further reserves the right to call witnesses not listed above in rebuttal to the testimony of Defendant's witnesses. Finally, the Plaintiff reserves the right to call additional witnesses not listed above for impeachment purposes or otherwise in accordance with the Federal Rules of Civil Procedure.

Defendant will or may call the following individuals as witnesses for the purposes noted. Plaintiff's objections (if any) to these witnesses are noted.

    A.    Barry Sifen

    B.    Wayne Clifton

    C.    Angela Higgerson

    D.    Carol Norris

    E.    Lauren Katz

    F.    Michael Hughes

    G.    Mary Leigh Brewer

Any witnesses included in Plaintiff's Pre-trial Disclosures who can provide admissible testimony.

Defendant will or may call the following individuals as witnesses for the purposes noted. Plaintiff's objections (if any) to these witnesses are noted.

    H.    Shaun House

    I.    Jasmine Walton

    J.    Jonathan Keyes

K.  Amy Athenius – Plaintiff objects that the witness has not been previously identified or disclosed in discovery. *[handwritten: objection sustained]*

L.  Arnell Johnson

M.  Kristen Rowland

N.  Leyna Higgins

TAC may introduce the following testimony by means of a deposition transcript, if the need arises. Plaintiff's objections are noted.

H. Lauren Katz—for the purpose of impeachment.

**Plaintiff objects to use the use except as may be allowed under FRCP 32.**

I. Carol Norris—for the purpose of impeachment.

**Plaintiff objects to use the use except as may be allowed under FRCP 32.**

*[handwritten: see note on page]*

Defendant reserves the right to call or elicit testimony from the Plaintiff's witnesses, both factual and experts, whether by direct examination or otherwise. The Defendant further reserves the right to call witnesses not listed above in rebuttal to the testimony of Plaintiff's witnesses. Finally, the Defendant reserves the right to call additional witnesses not listed above for impeachment purposes or otherwise in accordance with the Federal Rules of Civil Procedure.

IV.  **Factual Contentions**

**The Plaintiff's factual contentions are:**

A. Ms. Katz ended the romantic relationship with Mr. Hughes in December, 2008, by not responding to a text message.

B. As a result of Ms. Katz ending the romantic relationship, Mr. Hughes retaliated against Ms. Katz in by yelling and cursing at her, berating and ridiculing her, ignoring her work-related suggestions and concerns and undermining her authority as manager of the leads department.

C. In February, 2009, Mr. Hughes became angry with Ms. Katz and stated, "You are lucky you are not Phil (a man) because I would throw you against a wall."

D. In March, 2009, Ms. Katz asked Mr. Hughes to stop cursing at and insulting her and told Mr. Hughes that his treatment of her was becoming unbearable. Mr. Hughes stated that if Ms. Katz could not put up with his behavior then Ms. Katz could find somewhere else to work because Mr. Hughes was not going anywhere.

E. Ms. Katz was a good employee of TAC who worked her way up the ladder until she was promoted to Regional Leads Manager.

F. As Regional Leads Manager, Ms. Katz was proficient and effective as head of the leads department.

G. Mr. Hughes mistreatment of Ms. Katz after she ended their romantic relationship stifled Ms. Katz abilities as Regional Leads Manager.

H. Mr. Hughes treatment of Ms. Katz after she ended their romantic relationship tainted the way that Carol Norris saw Ms. Katz when Ms. Norris was brought in to evaluate the leads department.

I. On July 28, 2010, Ms. Katz made an internal complaint of Mr. Hughes mistreatment of her in retaliation for ending their romantic relationship. Angela Higgerson, Barry Sifen and Ms. Katz met in person to discuss the complaint on July 29, 2010. During the meeting Mr. Sifen asked Ms. Katz how she would feel about working for Mini-Price Storage, a sister company.

J. During the July 29, 2010, meeting in which Ms. Katz's complaint was discussed, Ms. Higgerson discouraged Ms. Katz of filing a charge with the EEOC.

K. Ms. Higgerson did not interview witnesses identified by Ms. Katz during Ms. Higgerson's investigation into Ms. Katz's internal complaint.

L.   Ms. Higgerson's investigation of Ms. Katz internal complaint of harassment and retaliation by Mr. Hughes was inadequate.

M.   Ms. Higgerson did not follow up with Ms. Katz about her complaint of harassment by Mr. Hughes in sixty (60) days as Ms. Higgerson stated she would do in order to determine whether or not the mistreatment Ms. Katz complained of had stopped.

N.   Mr. Hughes called Ms. Katz immediately after Ms. Katz made the internal complaint and he screamed and cursed at her.

O.   Wayne Clifton was difficult to communicate with after he took over the leads department.

P.   Ms. Norris did not recommend that Ms. Katz be fired.

Q.   TAC did not follow Ms. Norris' recommendations.

R.   No other employees were terminated as a result of the restructuring.

S.   Mr. Hughes never counseled Ms. Katz about her performance as Regional Leads Manager.

T.   Mr. Clifton never counseled Ms. Katz about her performance as Regional Leads Manager.

U.   Ms. Katz was terminated because she filed a charge with the EEOC.

**The Defendant's factual contentions are:**

1. The Auto Connection, Inc. is a buy-here, pay-here dealership that sells cars and financing.

2. TAC has a sexual harassment policy in place that all employees are given.

3. Employees are aware that they may report issues involving sexual harassment to Angela Higgerson, Human Resources Manager.

4. Katz was hired approximately January 2005, resigned, was rehired, and held the position of Regional Leads Manager when her position was eliminated, resulting in her termination in December of 2011.

5. Katz and Michael Hughes, Regional Operations Manager, had a brief affair in December of 2008.

6. Wayne Clifton, owner of TAC, noted that leads to sales ratios fell far below national averages.

7. In June of 2010, Carol Norris, an independent consultant, was hired to evaluate the LEADS Department and train those working within the department to achieve a higher ratio of leads to sales.

8. Two years following the brief affair of Katz and Hughes, in July of 2010, Katz filed an internal complaint by submitting a letter to Angela Higgerson, HR Manager, complaining of sexual harassment and retaliation by Michael Hughes. This was the first time Ms. Katz revealed their brief, consensual affair or complained of any alleged treatment toward her by Michael Hughes.

9. Michael Hughes was immediately removed as Ms. Katz supervisor and she was instructed to report to Wayne Clifton, who took charge of overseeing the Leads Department.

10. TAC immediately investigated Ms. Katz's complaint, finding only support for her claim of a brief, consensual affair.

11. Michael Hughes was disciplined by being written-up as a "final" warning on August 6, 2010 for having an affair with a co-worker that

he did not disclose and was warned that a repeated offense would result in his termination.

12. On September 29, 2010, Ms. Katz filed a charge of retaliation with the EEOC.

13. For a period of six months, Carol Norris worked with Lauren Katz and the Leads Department, consulting with her and training her to be an effective Leads Supervisor.

14. At the end of Ms. Norris's evaluation, she noted that Ms. Katz was not the type of person needed in the position of supervisor. She noted Ms. Katz did not possess the innate characteristics of a leader, communication and writing skills, nor did she possess the necessary education.

15. Utilizing Ms. Norris's evaluation in December, Mr. Clifton made the business decision to restructure the Leads Department entirely. He closed a store, eliminated Ms. Katz's position, and placed all Leads associates in a centralized location without a supervisor.

16. On February 25, 2011, Ms. Katz amended her charge with the EEOC, citing retaliation.

## V. Triable Issues

### Triable Issues of Plaintiff

1. Whether or not Mr. Hughes treatment of Ms. Katz, which began when she ended their romantic relationship, prevented Ms. Katz from being seen as a successful Regional Leads Manager by Mr. Clifton and TAC.

2. Whether or not TAC terminated Ms. Katz because she filed a charge with the EEOC.

3. Whether Ms. Katz is entitled to lost wages in the amount of $43,317.12.

4. Whether Ms. Katz is entitled to punitive damages.

**Triable Issues of Defendant**

1. The Plaintiff claims that The Auto Connection retaliated against her because she engaged in conduct protected by Title VII of the Civil Rights Act of 1964. In order to prevail on this claim, Plaintiff must show all the following:

First: Plaintiff engaged in conduct protected by Title VII of the Civil Rights Act of 1964; Second: Plaintiff was subjected to a materially adverse employment action at the time, or shortly thereafter, that the protected conduct took place; and

Third: The Auto Connection took such materially adverse employment action against Plaintiff because of the Plaintiff's protected conduct. An action is "materially adverse" if the challenged action by the employer could well discourage a reasonable employee from engaging in protected activity or complaining about discrimination.

2. Whether defendant had any legitimate, non-retaliatory reason or explanation for any of its own decision(s) in this case.

3. Whether the defendant used as a motivating factor in its decision to fire plaintiff her alleged involvement in a protected activity.

4. Whether plaintiff suffered any lost wages as a result of the actions of defendant.

### VI. Additional Matters

1. The Parties agree that any motion for attorney's fees and costs may be made after trial. Billing and expense records and any expert testimony may be presented at that time.

2. The Parties agree that Ms. Katz's mental and physical well-being and past or present drug use may not be mentioned during the trial unless Plaintiff opens the door.

/s/ Tommy E. Miller
United States Magistrate Judge

November 9, 2012
Norfolk, VA

/s/ Andrew M. Hendrick
Andrew M. Hendrick
Kendall D. Rasberry
*Counsel for Plaintiff*

/s/ Lisa A. Bertini
Lisa A. Bertini
Courtney C. Williams
*Counsel for Defendant*